IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JONATHAN LEE; <br><br> ERIN LEE; <br><br> C.L., a minor, BY AND THROUGH PARENTS JONATHAN and ERIN LEE as next friends; <br><br> M.L., a minor, BY AND THROUGH PARENTS JONATHAN and ERIN LEE as next friends; <br><br> NICOLAS JURICH; <br><br> LINNAEA JURICH; and <br><br> H.J., a Minor, BY AND THROUGH PARENTS NICOLAS and LINNAEA JURICH as next friends, <br><br> Plaintiffs, <br><br> v. <br><br> POUDRE SCHOOL DISTRICT R-1, Ft. Collins, Colorado; and, <br><br> POUDRE SCHOOL DISTRICT R-1 BOARD OF EDUCATION, <br><br> Defendants. | Civil Action No.: _____ |

**PLAINTIFFS' MOTION TO PROCEED ANONYMOUSLY AND TO REDACT CERTAIN IDENTIFYING INFORMATION FROM COURT-FILED DOCUMENTS**

1

Plaintiffs Jonathan and Erin Lee as next friends of minor plaintiffs, C.L. and M.L. and Nicholas and Linnaea Jurich as next friends of minor plaintiff, HJ, through counsel and under D.C.COLO.LCivR 7.2, for their Motion to Proceed Anonymously and to Redact Identifying Information from Court-Filed Documents ("Motion"), respectfully submit:

**D.C. COLO.LCivR 7.1 STATUS OF CONFERRAL**

1. At the filing of this Motion, Defendant has not been served with the Complaint. As a result, conferral under D.C. COLO.LCivR ("Local Rule") 7.1 with opposing counsel, who is still unknown, is not yet possible. However, in order to make a good faith effort to confer with counsel for Defendant, the instant Motion will be served with the Complaint in the hope that opposing counsel will contact undersigned counsel so that conferral can take place and a report made to the Court.

**BACKGROUND**

2. This case arises from highly sensitive and personal facts, many of which are set forth in the Complaint. Among those facts are that the two minor Plaintiffs who attended meetings which turned out to be meetings of the Genders and Sexualities Club were misled about the nature of the Poudre School District club they had been invited to. These Plaintiffs were then subjected to unexpected challenges to the most elemental and demonstrable aspects of who they are. Statements made by PSD employees in that meeting were so upsetting to two of the minor Plaintiffs that they ended up struggling with serious depression and familial disharmony as a result. Both of these Plaintiffs experienced suicidal thoughts, and one of them attempted suicide as a result of what she was told at the Genders and Sexualities Club meeting.

3. Additionally, two of the adult Plaintiffs have received numerous threats up to and including death threats. The adult Plaintiffs who have not received threats have maintained a low

profile until the filing of the Complaint for Damages and Injunctive Relief. Plaintiffs believe that those Plaintiffs will be treated the same way that the Plaintiffs who have received threats have been treated now that this action is filed and is therefore public record.

4. Notably, it was communicated to minor Plaintiff H.J. at PSD/WMS Genders and Sexualities Club that people who neither identify as transgender nor are transgender supporters are bad people. This sentiment reflects the perspectives of an extreme and hateful element of society. In any event the minor Plaintiffs should not be subjected to such damaging rhetoric simply because they hope to have their rights vindicated in court.

5. Likewise, court documents filed by any party which refer to minor Plaintiffs by their given names could be damaging, if not dangerous, to the minor Plaintiffs. It would be much safer in a variety of ways if documents filed which refer to any minor Plaintiff are redacted and instead, to the extent necessary refer to minor Plaintiffs according to the initials used in the caption.

6. These minors are very young, and they deserve to be protected from the vitriol that those with opposing views continue to spew. Plaintiff parents acknowledge that even in the prayed-for restriction, the protection of their children will be limited, given that parents' names appear on the Complaint. However, Plaintiff parents believe that using initials for the minor Plaintiffs will provide important protection for them in their current schooling, extra-curricular activities, and into the future.

**LEGAL STANDARD**

7. Under Local Rule 7.2(c), a motion to restrict public access shall be open to public inspection and shall:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

## ARGUMENT

8. The documents or proceedings for which restriction is sought are as follows: all pleadings, motions, attachments, exhibits, records, or other documents filed with the Court prior to trial, as well as all deposition and trial transcripts.

9. The interest to be protected is the minor Plaintiffs' lives, as well as their privacy, including with regard to their personal contact information of all sorts and minor Plaintiffs' safety from exposure to the variety of attacks that Plaintiff parents have experienced. Plaintiff parents have endured attacks in the news media and on social media. In this day and age with the fast spread of information and its apparently eternal persistence, having the names of minor Plaintiffs could be disastrous in light of the death threats already received by two of the Plaintiff parents and in light of the heartless rhetoric which one can only anticipate will be permanently aimed at the children themselves.

10. This is a case of immense public interest. The events that give rise to this case have garnered a great deal of public attention for the parent Plaintiffs over the last year.

11. If access is not restricted, persons accessing court files will have the opportunity to contact Plaintiffs, including Plaintiff children, during the pendency of this case and in the future.

Plaintiff parents have been bullied and subjected to vile comments and threats. They have been followed by transgender activists who aim to intimidate them. Tolerance of those who disagree is not enough for the gender identities idealogues; they demand to be affirmed. When the views of those who have pushed for gender fluidity/transgender programming are not affirmed, some of them have immediately turn nasty as the Complaint and this motion demonstrate. It is one thing for Plaintiff parents to experience the nastiness of being called hateful and bigoted for adhering to their beliefs and seeking vindication of their rights, but it will be quite another for children to be subjected to such treatment. It is also easy to imagine that because of the broad public interest in this case, individuals who obtain the contact information of Plaintiffs and the names of Plaintiff children through court documents would contact Plaintiffs to express their displeasure with Plaintiffs' legal effort. As noted above, the Plaintiffs who have received death threats have been in the public eye regarding this matter whereas the Plaintiffs who have not received threats have not been in the public eye, except for providing public comment to the school board at public meetings. The death threats and other events which have already occurred overcome the presumption of public access to the actual names of Plaintiff children.

12.     Under Local Rule 7.2(c)(4), this Motion actually seeks an "alternative" to complete Level 1 restriction pursuant to Local Rule 7.2(b) by seeking the redaction of the names of Plaintiff children and the use of initials in the caption and anywhere else that Plaintiff children's names would otherwise appear. The use of initials for Plaintiff children, as well as the redaction of personal contact information and nicknames of all Plaintiffs would maintain public access to the issues in this case of public interest without compromising Plaintiffs' security in the process.

13. Defendant school district will suffer no prejudice if this Motion is granted because the names of Plaintiffs are already known to it. This measure is strictly to prevent others from gaining sensitive information about the minor Plaintiffs.

14. Furthermore, the interests of Defendants will be adequately protected by the exchange of un-redacted information during discovery. Importantly, "the fact that a record is maintained by a government agency does not inherently mean the record is open to the public." See *Roe v. Catholic Health Initiatives*, 11-cv-02179-WYD-KMT, 2012 WL 12840, (D. Colo. 2012) (opinion by Magistrate Tafoya granting anonymity).

15. That Defendants maintain records about minor Plaintiffs does not relieve them of their obligation to safeguard student records. The safeguarding of student records is the subject of the Family Educational Rights and Privacy Act. 20 U.S.C. § 1232g. It provides for the protection of private student information maintained by schools. In cases involving issues of schools and student privacy, courts should also protect student information—particularly when the students at issue are still minors—that the public could not have gained access to but for the courts' involvement.

WHEREFORE, Plaintiffs pray that this honorable Court will order the Level 1 protections described above, as permitted by Local Rule 7.2, and grant such other and further relief that the Court deems just and proper.

Respectfully submitted,

ILLUMINE LEGAL LLC
/s/ J. Brad Bergford
J. Brad Bergford, CO Bar no. 42942
8055 E. Tufts Ave., Ste. 1350
Denver, CO 80237
Phone: 303.228.2241
Email: brad@lawillumine.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System. Defendant has not yet (but will soon be) served. In an effort to provide Defendant with the greatest possible notice of this Motion, it will be served along with the Complaint in the hope that opposing counsel will contact undersigned counsel so that conferral can take place and a report made to the Court.

*/s/ J. Brad Bergford*
J. Brad Bergford
