# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| JONATHAN LEE, et al. | § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Action No. 1:23-CV-01117 |
| POUDRE SCHOOL DISTRICT R-1, et al. | § § | |
| Defendants. | § § | |

## PLAINTIFFS' INITIAL DISCLOSURES UNDER F.R.C.P. 26(a)(1)

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiffs Jonathan Lee, Erin Lee, C.L., M.L., Nicolas Jurich, Linnaea Jurich, and H.J. (collectively, "Plaintiffs"), hereby provide the following initial disclosures:

A. **Name, address, and telephone number of each individual who may have discoverable information relevant to disputed facts alleged with particularity in the pleadings:**

**DISCLOSURE:**

1. Jonathan Lee

    Address: 6787 Hayfield St., Wellington, CO 80549
    Phone No.: (813) 909-6130

    Plaintiff. Mr. Lee has full knowledge of this dispute, the facts alleged, and damages sought.

2. Erin Lee

    Address: 6787 Hayfield St, Wellington, CO 80549
    Phone No.: (813) 909-6130

    Plaintiff. Ms. Lee has full knowledge of specific claims and damages related to this dispute and damages sought.

3. Nicolas Jurich

      Address: 6864 Meadow Rain Way, Wellington, CO 80549
      Phone No.: (970) 631-2630

Plaintiff. Mr. Jurich has full knowledge of specific claims and damages related to this dispute.

4. Linnaea Jurich

      Address: 6864 Meadow Rain Way, Wellington, CO 80549
      Phone No.: (970) 631-2630

Plaintiff. Mrs. Jurich has full knowledge of specific claims and damages related to this dispute.

5. C.L.

Plaintiff. C.L. is a minor with full knowledge of specific claims and damages related to this dispute. The present address and phone number of this witness is subject to privacy protection under Fed. R. Civ. P. 5.2 and pursuant to this Court's Order dated June 2, 2023. *See* Doc. 15.

6. H.J.

Plaintiff. H.J. is a minor with full knowledge of specific claims and damages related to this dispute. The present address and phone number of this witness is subject to privacy protection under Fed. R. Civ. P. 5.2 and pursuant to this Court's Order dated June 2, 2023. *See* Doc. 15.

7. M.L.

Plaintiff. M.L. is a minor with full knowledge of specific claims and damages related to this dispute. The present address and phone number of this witness is subject to privacy protection under Fed. R. Civ. P. 5.2 and pursuant to this Court's Order dated June 2, 2023. *See* Doc. 15.

8. Jenna Riep

Ms. Riep was C.L.'s homeroom teacher at Wellington Middle-High School ("WMS"). She was also the WMS staff sponsor of the school-sponsored GSA club. She has discoverable knowledge related to this dispute concerning a school-sponsored after-school organization, the Genders and Sexualities Alliance ("GSA") and plaintiff children's participation. The present address and phone number of this witness is unknown.

9. Caitlin Delahunt

Ms. Delahunt was a school counselor at WMS. Ms. Delahunt has discoverable knowledge related to this dispute concerning the children's involvement in the GSA after-school program and the plaintiff children's participation. The present address and phone number of this witness is unknown.

10. Kimberly Chambers

    Ms. Chambers was a part-time teacher with PSD. She also led an organization called "SPLASH" (Supporting Pride Learning and Social Happenings). Ms. Chambers has discoverable knowledge related to this dispute concerning her involvement with "SPLASH" (Supporting Pride Learning and Social Happenings) and the plaintiff children's participation. The present address and phone number of this witness is unknown.

11. Kelby Benedict

    Mr. Benedict was the principal of WMS. Mr. Benedict has discoverable knowledge related to this dispute. Benedict's present address and phone number are unknown.

12. H.J.'s Friend

    H.J.'s conversation with this witness is discussed in the complaint. *See* Compl. at ¶ 93, Docket Entry No. 1. The present address and phone number of this witness is subject to protection under Fed. R. Civ. P. 5.2 and pursuant to this Court's Order dated June 2, 2023. *See* Docket Entry No. 15.

13. Rule 30(b)(6) Witness, Poudre School District R-1

    Defendant Representative has full knowledge of Defendant's policies related to this dispute. The present phone number and address are unknown.

14. Rule 30 (b)(6) Witness, Poudre School District R-1, Board of Education

    Defendant Representative has full knowledge of Defendant's policies related to this dispute. The Present address and phone number are unknown.

15. Colorado Child Protective Services Representative

16. Custodian of records for Defendant Poudre School District R-1

17. Custodian of records for Defendant Poudre School District R-1, Board of Education

18. Any and all minor children who were Plaintiffs' classmates at WMS that may have discoverable knowledge related to this dispute.

3

19. Any and all WMS teachers of minor children Plaintiffs, WMS staff or administrators who may have discoverable knowledge related to this dispute.

20. Any and all attendees of PSD Public Meeting (May 11, 2021) who may have discoverable knowledge related to this dispute.

21. Any and all PSD officials who may have discoverable knowledge related to this dispute, including WMS' gender policies and guidelines.

22. Any and all health care providers of minor children Plaintiffs who may have discoverable knowledge related to this dispute, including H.J.'s attending physicians or medical personnel involved in her examination, diagnosis, care, or treatment with regard to her suicide attempt.

23. Tara Doudy

    Ms. Doudy is a counselor who may have discoverable knowledge related to the psychological care of C.L.

24. Tami Anderson

    Ms. Anderson is a therapist who may have discoverable knowledge relating to the psychological care of C.L.

25. Traci Hess

    Ms. Hess is a pediatrician who may have discoverable knowledge relating to the psychological care of C.L.

26. SpringHealth

    A counselling program that may have discoverable knowledge relating the psychological care of Erin Lee.

27. Scott Baggett

    Mr. Baggett is a Deputy Sheriff with the Larimer County Sheriff's Office who may have discoverable knowledge related to H.J.'s suicide attempt.

28. Poudre Valley Hospital

    Poudre Valley Hospital is medical hospital in Larimer County that may have discoverable knowledge of the administration of emergency care relating to H.J.'s suicide attempt.

29. Emergency Physicians of the Rockies

Emergency Physicians of the Rockies is a group of physicians operating out of Poudre Valley Hospital that may have discoverable knowledge of the administration of emergency care relating to H.J.'s suicide attempt.

30. Adriana Tschampl

Ms. Tshampl is a University of Colorado Health Clinical Social Worker who may have discoverable knowledge relating to H.J.'s suicide attempt.

31. Megan C. Twomey

Ms. Twomey is a Psychiatric and Phychotherapy physician who may have discoverable knowledge relating to H.J.'s suicide attempt.

32. Robert Humberstone

Mr. Humberstone Is a psychiatric physician who may have discoverable knowledge relating to H.J.'s suicide attempt.

33. Caroline Fee

Ms. Fee is an occupational therapist who may have discoverable knowledge relating to H.J.'s suicide attempt.

34. Mary Fisher

Ms. Fisher is a social worker who may have discoverable knowledge relating to H.J.'s suicide attempt.

35. Jared Sciarrotta

Mr. Sciarrotta is a nurse who may have discoverable knowledge relating to H.J.'s suicide attempt.

36. Ambulnz Co LLC

Ambulnz Co LLC is an ambulance service company that may have discoverable knowledge relating to H.J.'s suicide attempt.

37. Ryan Traylor

Mr. Traylor is a counselor who may have discoverable knowledge relating to H.J.'s suicide attempt and subsequent recovery.

38. Jill Boatwright

Ms. Boatwright is a psychiatric therapist who may have discoverable knowledge relating to H.J.'s suicide attempt and subsequent recovery.

39. William Peisner

Mr, Peisner is a Wellington Middle School counselor that may have discoverable knowledge relating to this dispute.

40. Beth Roberts

Ms. Roberts is a Rice Elementary School counselor who may have discoverable knowledge relating to this dispute.

B. **A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:**

**DISCLOSURE:**

The Plaintiffs are in possession and control of documents, data compilations, and/or tangible things listed below that may be relevant to disputed facts alleged with particularity in the pleadings.

To the extent relevant and not privileged or protected from disclosure, these documents are available for inspection and copying upon arrangement with the undersigned attorney and are located at the following addresses: 8055 E. Tufts Ave., Ste. 1350, Denver, CO 80237 and 1001 Pennsylvania Ave. NW, Suite 530, Washington D.C. 20004.

1. Category:    Educational Records & Related Items

    - A catalogue of various relevant social media posts authored by PSD employees, entities, agents, or PSD itself.

    - Various records regarding PSD policies acquired via Colorado Open Records Act

    - Various email communications between PSD employees acquired via Colorado Open Records Act

- Records documenting the costs incurred for acquiring the above mentioned Colorado Open Record Act requests
- M.L. Gender Support Plan materials and rejection notice
- PSD Guidelines for Supporting Transgender and Non-Binary Students.
- Social Media Posts (Chat Room Discussions about matters relating to this lawsuit).
- Police report number in response to 911 call for suicide attempt of H.J.: 21-10842.
- Voicemail from Bill Peisner reaching out to Jurich family on 12/17/2021.
- Brian Kingsley's video message in response to PSD making national news related to these events in May of 2022.
- Kelby Benedict's email to Wellington Middle School families in response to PSD making national news related to these events in May of 2022.
- Email exchange between Nick Jurich and Bill Peisner.
- Email exchange between Nick Jurich and Kelby Benedict.
- Email from Teen Choice teacher including syllabus sent to Linnaea Jurich for H.J.'s sibling which included topics of gender and sexuality, received after making an unconnected request to Kelby Benedict asking to opt all of our children out of gender and sexuality lessons.
- Nick Jurich's community comment at the board of education meeting with a very short response from Brian Kingsley.
- Email exchange between Nick Jurich and Jim Brokish (board member) agreeing to meet to discuss the situation.
- Short email exchange between Nick Jurich and Jim Brokish where Jim Brokish declined an invitation to a scheduled meeting with Kelby Benedict (principal) and Scott Neilsen (assistant superintendent).
- Voice recording of meeting between Nick Jurich and a friend with Kelby Benedict (principal) and Scott Neilsen (assistant superintendent).

2. Category:    **Private Educational Receipts & Tuition Expenses**

- Various records evidencing the educational cost of C.L.
- Various homeschooling materials for H.J.

3. Category:    **Medical Records & Related Items**

- "Notes From Your Admission" from H.J.'s stay at Denver Health between 12/14/2021 and 12/20/2021. Contains notes from various medical professionals

who interacted with Holly including a record of past psychiatric history, psychiatric groups notes, adolescent psychiatric progress notes, psychotherapy progress notes, nursing notes, assessment/plan, psychosocial assessment, mental status examination, psychiatric occupational therapy screen, clinical formulation.

4. Category:   Medical Invoices & Related Items

- Documents regarding the cost of therapy to C.L.
- C.L. suicide note
- Rough draft of note from H.J. to parents about being asexual and aromantic of which a typed copy was delivered to parents under bedroom door.
- Notes on an index card from H.J.'s friends that talk about death.
- Lyrics written by H.J. with LGBT themes.
- Suicide notes from H.J. to friends and family.
- H.J.'s Funeral plans and Will.
- H.J. – UCHealth Hospital Statement – 12/13/2021
- H.J. – UCHealth Hospital Statement – 12/13/2021 to 12/14/2021 – Emergency Room bill
- H.J. – Emergency Physicians of the Rockies – 12/13/2021 – Emergency Services bill
- H.J. – Ambulnz Co LLC – 12/14/2021 – Ambulance bill
- H.J. – Denver Health – 12/14/2021 to 12/20/2021 – Inpatient Adolescent Stay bill
- H.J. – Ryan Traylor –12/22/2021 & 12/29/2021 – Counseling bill
- H.J. – Lifestance Health - 12/30/2021 & 1/13/2022 –Psychiatric therapy bill
- H.J. – Lifestance Health –2/15/2022 – Psychiatric therapy bill.
- H.J. – Prescription – 12/20/2021
- H.J. – Prescription – 12/24/2021
- H.J. – Prescription – 12/31/2021
- H.J. – Prescription – 1/27/2022
- H.J. – lockbox for securing medication and blades in home.

C.  **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:**

**DISCLOSURE**

| **Section 1983 Damages** | **Amount** |
|---|---|

*Minor Plaintiff H.J.*
- Physical harm to minor Plaintiff H.J., including ill health, physical pain or discomfort, and any such physical harm that she is reasonably certain to experience in the future.   $100,000
- Emotional and mental harm to plaintiff during and after the events at issue, including, fear, humiliation, and mental anguish, and any such emotional and mental harm that he is reasonably certain to experience in the future.   $100,000
- The reasonable value of the medial [psychological, hospital, and similar] care and supplies that plaintiff is reasonably certain to need in the future.   $100,000

*Minor Plaintiff C.L.*
- Physical harm to plaintiff, including ill health, physical pain or discomfort, and any such physical harm that she is reasonably certain to experience in the future.   $100,000
- Emotional and mental harm to plaintiff during and after the events at issue, including, fear, humiliation, and mental anguish, and any such emotional and mental harm that he is reasonably certain to experience in the future.   $100,000
- The reasonable value of the medial [psychological, hospital, and similar] care and supplies that plaintiff is reasonably certain to need in the future.   $100,000

*Minor Plaintiff M.L.*
- Emotional and mental harm to plaintiff during and after the events at issue, including, fear, humiliation, and mental anguish, and any such emotional and mental harm that plaintiff is reasonably certain to experience in the future.   $100,000

*Plaintiffs Jonathan and Erin Lee*
- Out-of-pocket loss   $226,785.66
- Monetary Harms   $1,449.51
- Impairment of Reputation   $333,333.33
- Personal Humiliation   $333,333.33
- Mental anguish and suffering   $333,333.34

*Plaintiffs Nicolas and Linnaea Jurich*
- Out-of-pocket loss   $31,400.00

- Monetary Harms                      <u>$145.00</u>
- Impairment of Reputation            <u>$333,333.33</u>
- Personal Humiliation                <u>$333,333.33</u>
- Mental anguish and suffering        <u>$333,333.34</u>

*Total Unliquidated Amount of Compensatory Damages*             <u>$2,959,780.17</u>
*all Plaintiffs*

*Prejudgment Interest*                                          $TBD
This amount will be the calculated by applying the applicable rate of interest, per annum, to the verdict as to the date on which each harm or loss contemplated herein was incurred.

*Court Costs*                                                   $TBD
These costs will be the actual court costs incurred – amounts continue to accrue.

*Costs of This Action*                                          $TBD

*Reasonable Attorneys' Fees*                                    $TBD
Amounts continue to accrue and will be decided by the Court after all evidence presented.

*Reasonable Expert Fees*                                        $TBD
Amounts continue to accrue and will be decided by the trier of fact/court after all evidence presented.

**Punitive Damages**                                            N/A.

**Nominal Damages**                                             N/A.

*Attorney Fees and Costs*                                       TBD

D.   **INSURANCE AGREEMENT:**

N.A.

E.   **SUPPLEMENTATION OF RESPONSES:**

These Disclosures are based upon the Plaintiffs' present understanding of the claims and defenses asserted and issues raised by the pleadings with particularity. As these claims, defenses,

and issues are more fully developed during the progress of this case, additional persons with knowledge or additional relevant documents may become known. The Plaintiffs recognize and acknowledge their duty to supplement in a timely manner these responses as the discovery of relevant information requires under Fed. R. Civ. P. 26(e).

Dated this 30 day of June, 2023.

Respectfully submitted,

/s/ *Richard P. Lawson*
Richard P. Lawson

AMERICA FIRST POLICY INSTITUTE
Richard P. Lawson
Pamela J. Bondi
Jessica H. Steinmann
Jase Panebianco
1001 Pennsylvania Ave. NW,
Suite 530
Washington, D.C. 20004
rlawson@americafirstpolicy.com
pbondi@americafirstpolicy.com
jsteinmann@americafirstpolicy.com
jpanebianco@americfirstpolicy.com
Telephone: (202) 684-8361

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiffs' Rule 26(a)(1) Initial Disclosures was served by J. Brad Bergford, upon all counsel of record this 30th day of June, 2023.

/s/ *J. Brad Bergford*
J. Brad Bergford
ILLUMINE LEGAL LLC
8055 E. Tufts Ave., Ste. 1350
Denver, CO 80237
303-228-2241