## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01117

JONATHAN LEE;

ERIN LEE;

C.L., a minor, BY AND THROUGH

PARENTS JONATHAN and ERIN LEE as next friends;

M.L., a minor, BY AND THROUGH

PARENTS JONATHAN and ERIN LEE as next friends;

NICOLAS JURICH;

LINNAEA JURICH; and

H.J., a minor, BY AND THROUGH

PARENTS NICOLAS and LINNAEA

JURICH as next friends,

<em>Plaintiffs</em>,

v.

POUDRE SCHOOL DISTRICT R-1,

Ft. Collins, Colorado; and,

POUDRE SCHOOL DISTRICT R-1

BOARD OF EDUCATION,

<em>Defendants</em>.

---

## SCHEDULING ORDER

---

1

## 1. DATE OF CONFERENCE AND
## APPEARANCES OF COUNSEL
## AND PRO SE PARTIES

This matter is currently set for a scheduling conference before Magistrate Judge Scott T.

Varholak in the U.S. District Court for the District of Colorado – Denver Division on July 6, 2023,

at 11:45 A.M. MT. The plaintiffs are Jonathan Lee; Erin Lee; C.L., a minor, by and through parents

Jonathan and Erin Lee as next friends; M.L., a minor, by and through parents Jonathan and Erin

Lee as next friends; Nicolas Jurich; Linnaea Jurich; and H.J., a minor, by and through parents

Nicolas and Linnaea Jurich as next friends. The defendants are the Poudre School District R-1 and

Poudre School District R-1 Board of Education. The names, addresses, and telephone numbers of

counsel are:

Brad Bergford
Illumine Legal LLC
8055 E Tufts Ave., Ste. 1350
Denver, CO 80237
(303) 228-2241
*Counsel for Plaintiffs*

Pamela J. Bondi
Richard P. Lawson
Jessica H. Steinmann
Jase Panebianco
America First Policy Institute
1001 Pennsylvania Ave., N.W., Suite 510
Washington, D.C. 20004
(202) 684-8361
*Counsel for Plaintiffs*

Jonathan Patrick Fero
Stephanie K. Wood
Semple Farrington Everall & Case, P.C.
1120 Lincoln Street, Suite 1308
Denver, CO 80203

2

(720) 974-9731
jfero@semplelaw.com
swood@semplelaw.com
*Counsel for Defendants*

## 2. STATEMENT OF
## JURISDICTION

A. **Plaintiffs' position:** This is a civil rights case that raises federal questions under the United States Constitution, particularly, the First and Fourteenth Amendments, and the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983. This Court has original jurisdiction over these federal claims under 28 U.S.C. §§ 1331 and 1343. This Court has authority to award the requested damages pursuant to 28 U.S.C. § 1343; the requested injunctive relief pursuant to 28 U.S.C. § 1343 and Fed. R. Civ. P. 65; and costs and attorneys' fees under 42 U.S.C. § 1988. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.8 because Defendants reside in this district and division and all the acts described in this Complaint occurred in this district and division.

B. **Defendants' position:** Defendants' contest jurisdiction and/or authority to award all relief sought by Plaintiffs, including but not limited to injunctive relief and punitive damages.

## 3. STATEMENT OF CLAIMS AND
## DEFENSES

A. **Plaintiffs' Claims**:

Plaintiffs allege that the defendants 1) denied Plaintiff Parents' right to direct the education and upbringing of the Plaintiff Children, a violation of their right to liberty and due process of law under the Fourteenth Amendment, 42 U.S.C. § 1983; and, 2) denied Plaintiff Parents the equal protection under the Fourteenth Amendment, by denying them and their child a gender support plan although they offered those plans to other similarly situated families. 42 U.S.C. § 1983

**B. Defendants' Defenses**:  Defendants deny violating any constitutional protections, and
Plaintiffs fail to state claims as a matter of law. Plaintiffs are not entitled to injunctive relief
or damages.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiffs Jonathan Lee and Erin Lee are the parents and next friends of C.L., a minor,
   and M.L., a minor.

2. Plaintiffs Nicolas Jurich and Linnaea Jurich are the parents and next friends of H.J., a
   minor.

3. Defendant Poudre School District R-1 (the "School District" or "PSD") is a school
   district authorized by Article IX, Section 15 of the Colorado Constitution with its
   administrative offices located in Larimer County, Colorado. The School District is a
   body corporate with the capacity to sue and be sued under C.R.S. § 22-32-101.

4. During the academic school year of 2020-2021, Wellington Middle School ("WMS"),
   was a school within PSD and located in the town of Wellington, Colorado - serving
   students in the sixth through eighth grades.

5. For the 2020-2021 school year, C.L. was enrolled at WMS.

6. For the 2021-2022 school year, C.L. became enrolled at a private school.

7. From August 2020 until December 2021, and then from August 2022 until September
   2022, H.J. attended WMS.

8. From September 2022 until May 2023, H.J. attended Colorado Early Colleges High
   School, Fort Collins, a tuition free charter school.

9. For two school years from August 2020 until May 2022, M.L. attended Rice Elementary School, a school within PSD and located in the town of Wellington, Colorado -serving students in the first through fifth grades.

10. At the beginning of the 2022-2023 school year, M.L. became enrolled at Liberty Common Charter School, which is a tuition-free charter school in PSD.

11. During the 2020-21 school year, WMS's Gay-Straight Alliance or Gender Sexuality Alliance ("GSA"), was a school sponsored club.

12. When C.L. and H.J. were students at WMS, Kelby Benedict was the principal at WMS.

13. In the fall of 2020 C.L., then a 12-year-old, started her sixth-grade year at WMS.

14. In the fall of 2020 H.J., then a 12-year-old, started her sixth-grade year at WMS.

15. In the 2020-2021 academic year, Jenna Riep was an employed member of the academic staff at WMS.

16. Ms. Riep is a current employee of PSD assigned at WMS.

17. In the 2020-2021 academic year, Ms. Riep was C.L.'s homeroom and art teacher at WMS.

18. In the 2020-2021 academic year, Ms. Riep served as the faculty sponsor of WMS's school sponsored GSA club.

19. Prior to May 4, 2021, C.L. was friends with students who attended GSA meetings at WMS.

20. Sometime in May 2021, C.L. learned about the time and place of the next GSA meeting.

21. On May 4 or 5, 2021, C.L. attended a GSA meeting.

22. At the May 4 or 5, 2021 GSA meeting, Kimberly Chambers spoke as a guest speaker on the invitation of WMS employees.

23. Ms. Chambers is Executive Director of SPLASH Youth of Northern Colorado (Supporting Pride Learning and Social Happenings).

24. On the evening of May 4 or 5, 2021, C.L. left a transgender flag on the counter at home.

25. H.J. attended at least two GSA meetings at WMS.

## 5.  COMPUTATION OF DAMAGES

A. Plaintiff asserts the following computation of damages:

1. Plaintiffs claim $226,785.66 in compensatory damages for expenses already incurred in connection with privately educating C.L. through high school.

2. Plaintiffs claim $732,994.51 in compensatory damages for expenses already incurred and anticipated in connection to the medical and psychological health and welfare of C.L., M.L., and H.J.

3. Plaintiffs claim $2,000,000.00 in Non-economic damages due to Defendants' willful frustration, interference, and despoiling of the parent child relationships, as loss of consortium, loss of companionship, mental anguish, pain and suffering, impairment of reputation, personal humiliation, and loss of enjoyment of life.

4. Plaintiffs reserve the right to amend the damages computation based on information that becomes available and/or is based on the possibility of damages that are yet unknown, including medical damages.

B. Defendants will seek costs incurred, reasonable attorneys' fees, and the costs for any experts

used in this litigation.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING
## UNDER FED. R. CIV. P. 26(f)

**A.** Pursuant to Fed. R. Civ. P. 26(f), the lead counsel for the parties conferred via video conference over Microsoft Teams on Monday, June 12, 2023.

**B.** The names of each participant and the party he or she represented are as follows:

    a. Brad Bergford – *Counsel for Plaintiffs*

    b. Richard P. Lawson – *Counsel for Plaintiffs*

    c. Jessica H. Steinmann – *Counsel for Plaintiffs*

    d. Jase Panebianco – *Counsel for Plaintiffs*

    e. Emily Davis – *law clerk in support of Counsel for Plaintiffs*

    f. Stephanie K. Wood – *Counsel for Defendants*

**C.** *Initial Disclosures:* Initial disclosures will be exchanged on or before Friday, June 30, 2023. *See* Fed. R. Civ. P. 26(a)(1)(C).

**D.** *Proposed changes in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)*: The parties agreed to exchange initial disclosures on or before Friday, June 30, 2023.

**E.** *Statement concerning any agreements to conduct informal discovery*: The Parties do not feel that any informal discovery is appropriate at this time.

**F.** *Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system*: The Parties will sequentially bates-label their disclosures and other documents produced during discovery. The parties intend to seek a protective order to shield certain information that implicates privacy

interests from public disclosure.

G. *Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:*

    a. **Plaintiffs:** Plaintiffs intend to request production of all records and communications, including in electronic mail and any others stored electronically and, including PSD's gender education program, "Guidelines for Supporting Transgender and Non-Binary Students", and all formal complaints associated with those, including those by the Plaintiffs. Plaintiffs have retained all related communications with PSD and will provide them in disclosures.

    b. **Defendants**: Defendants anticipate that this litigation will involve electronically stored information and records maintained in electronic form. Defendants have already provided information to Plaintiff Lee in response to her 43 CORA requests.

H. *Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case*:

    a. **Plaintiffs' position:** At the Rule 26(b) Conference the Parties' respective positions did not suggest that a near term mutually agreeable resolution was likely.

    b. **Defendants' position:** At the Rule 26(b) Conference, Plaintiffs' counsel did not raise the possibility for promptly settling or resolving this case. Defendants are open to good faith negotiations but believe that Plaintiffs' claims will be dismissed with prejudice upon their successful motion to dismiss, and that they will be owed costs and reasonable attorneys' fees.

## 7. CONSENT

Plaintiffs do not consent to the exercise of jurisdiction by a magistrate judge. *See* Docket No. 16.

## 8. DISCOVERY LIMITATIONS

**A.** *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules*: The parties agree to the presumptive discovery limits as needed. **Each side shall be limited to 10 fact depositions.** *See* Fed. R. Civ. P. 30(a)(2)(A)(i). **Each side shall be limited to 25 interrogatories.** *See* Fed. R. Civ. P. 33(a)(1).

**B.** *Limitations which any party proposes on the length of depositions*: Depositions shall not exceed 7 hours each for experts or these factual deponents: Erin Lee, Jonathan Lee, Nicolas Jurich, Linnaea Jurich, Kelby Benedict, Jenna Reip, and Kimberly Chambers.[1]  All other depositions are limited to 4 hours, for each side, unless otherwise agreed to between the parties or with leave granted by the Court.  If four hours is insufficient for any deposition of the three minor plaintiffs, then Plaintiffs' counsel will agree to an additional date for Defendants to complete the deposition for no more than a total of seven hours for each minor plaintiff.

**C.** *Limitations which any party proposes on the number of requests for production and/or requests for admission:* The parties reserve the right to request leave of the Court to modify the number of requests, for good cause shown or upon mutual agreement of the parties.

---

[1]  Ms. Chambers is unrepresented.

a. **Plaintiffs** believe that neither side should be limited in their requests for production within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Neither side should be limited in their requests for admission within the scope of Rule 26(b)(1) relating to Facts, The Application of Law to Fact, or Opinions about either, and the genuineness of any described documents. *See* Fed. R. Civ. P. 36.

b. **Defendants** believe the twenty-five requests for admission and twenty-five requests for production are sufficient.          **Court adopts Defendants' position**

**D.** *Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions*: **45 days before the discovery cut-off**.

**E.** *Other Planning or Discovery Orders*:

a. **Defendants** intend to file a motion to stay discovery pending resolution of their motion to dismiss given that they anticipate Plaintiffs' claims will be dismissed with prejudice. Defendants believe a stay of discovery is warranted for the following reasons: (1) Plaintiff Lee has already been provided with Defendants' responses to 43 CORA requests, which she has transmitted to all Plaintiffs' counsel in this litigation; (2) needless additional discovery from Defendants will unduly burden their public institution with finite resources intended to serve the educational needs of their students; (3) needless additional discovery will unduly inconvenience school teachers and administrators and will interfere with their work in serving the educational needs of their students; and (4) additional discovery is likely to be a fishing expedition and likely to be leaked by the Plaintiffs to the press and further adversely affect the privacy, safety, and security of PSD employees, who have already been receiving harassment and safety threats due Plaintiff Erin Lee's extensive publicity efforts

and disclosures to the national and international media.

    b.  **Plaintiffs** would oppose a motion to stay discovery.

## 9.  CASE PLAN AND SCHEDULE

**A.**  *Deadline for Joinder of Parties and Amendment of Pleadings*: July 29, 2023. *See* Fed. R. Civ. P. 15(a)(1)(B); Fed. R. Civ. P. 4(d)(3).

**B.**  *Discovery Cut-off*:      **Court adopts Plaintiff's position**

    a.  **Plaintiffs' position:** Plaintiffs' request nine months of discovery to end on **April 29, 2024.**

    b.  **Defendants' position:** As discussed above, Defendants believe that discovery should be stayed pending resolution of their motion to dismiss.  In the unlikely event that Plaintiffs' claims are not dismissed with prejudice, Defendants believe that six months of discovery is sufficient.

**C.**  *Dispositive Motion Deadline*: 45 days after close of discovery.    **Court: June 13, 2024**

**D.**  Expert Witness Disclosure

    a.  *The parties shall identify anticipated fields of expert testimony, if any*:

        i.  **Plaintiffs** anticipate there may be a need for expert testimony addressing psychology, family counseling and therapy, genders and sexuality, transgender issues, child suicide prevention, and rebuttal testimony for Defendants' disclosed experts.

        ii.  **Defendants** anticipate that there may be a need for expert testimony addressing psychology, family counseling and therapy, gender and sexuality, transgender issues, child suicide prevention, and rebuttal testimony for Plaintiffs' disclosed experts.

b.  *Limitations which the parties propose on the use or number of expert witnesses*: The parties shall utilize no more than 3 experts each, i.e., the six plaintiffs will only designate 3 total experts and the two defendants will only designate 3 total experts.

c.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 90 days before the discovery cut off. See Fed. R. Civ. P. 26(a)(2)(B)**.**

d.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 30 days of other party's expert witness disclosure. See Fed. R. Civ. P. 26(a)(2).

e.  *Identification of Persons to Be Deposed*:

  i.  **Plaintiffs' Deponents**:

1.  Rule 30(b)(6) Witness on behalf of PSD

2.  Rule 30(b)(6) Witness on behalf of PSD Board of Education

   a.  Defendants object to such deponent because the Board is not a proper defendant in Colorado.

3.  Brian Kingsley (Superintendent of District)

   a.  Defendants object to a deposition of the Superintendent under the *Apex* doctrine.

4.  Rob Petterson (President of School Board)

   a.  Defendants object to any such deponent under the *Apex* doctrine and because the Board is not a proper defendant in Colorado.

5.  Jenna Riep

6. Jessica Chambers

7. Kelby Benedict

8. Transgender friend of H.J.

Plaintiffs reserve the right to name additional witnesses to be deposed.

ii. **Defendants' Deponents**:

1. C.L.

2. M.L.

3. H.J.

4. Erin Lee

5. Jonathan Lee

6. Linnaea Jurich

7. Nicolas Jurich

8. Experts disclosed by Plaintiff.

9. Other potential deponents identified during the discovery process.

## 10. DATES FOR FURTHER CONFERENCES

**A.** *Status conferences will be held in this case at the following dates and times: _____.*

**B.** If no dispositive motions are filed, the parties shall file a joint motion for status

conference after the dispositive motions deadline has passed.

## 11. OTHER SCHEDULING MATTERS

**A.** *Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort,*

*were unable to reach an agreement*:

    a.  Plaintiffs agree to limit fact deposition to four hours (without prior agreement between the parties or leave granted by the Court) as long as 7 hours are permitted for depositions of the following individuals (1) experts and (2) Kelby Benedict, Jenna Reip, and Kimberly Chambers.[2]

    b.  Plaintiffs do not believe that 7-hour depositions are necessary for the minor plaintiffs C.L., M.L., and H.J., but agree to schedule an additional date for Defendants to complete any such deposition for a total of no more than 7 hours for each minor plaintiff.

    c.  Plaintiffs do not agree to delaying the progress of the case by staying discovery pending resolution of any motion to dismiss filed by the Defendants.

    d.  Defendants object to three of Plaintiffs' proposed depositions as follows:

        i.  a Rule 30(b)(6) witness for the school board given that the school board is not a proper defendant in Colorado,

        ii.  the President of the School board given that the school board is not a proper defendant in Colorado and under the *Apex* doctrine.

        iii.  and the Superintendent under the *Apex* doctrine.

    e.  Defendants will seek a stay of discovery pending resolution of their motion to dismiss.

    f.  Defendants believe a 6-month period for discovery is sufficient.

---

[2] Ms. Chambers is unrepresented.

g.  Defendants seek to limit requests for admission to twenty-five and requests for production to twenty-five.

h.  Defendants agree to limit fact deposition time to four hours (without prior agreement between the parties or leave granted by the Court) as long as 7 hours are permitted for depositions of the following individuals: (1) experts, and (2) all plaintiffs and their identified minor children.

**B.**  *Anticipated length of trial and whether trial is to the court or jury:* Plaintiffs believe a 4-day trial to the Court would be sufficient. Defendant believes a 5-day trial would be sufficient.

**C.**  *Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.*

a.  NONE.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO
## SCHEDULING ORDER

Alterations or amendments to the scheduling order may be agreed upon by counsel or be granted by the Court upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 20 23
6th                    July

BY THE COURT:

_____
United States Magistrate Judge

The content of this document is approved by counsel for Plaintiffs and Defendants, respectively, as signified by electronic signatures of counsel for each below as required by D.C.COLO.LCivR 5.1(a) and 4.3(a) of the Electronic Case Filing Procedures (civil cases).

*s/ J. Brad Bergford*
J. Brad Bergford
ILLUMINE LEGAL LLC
8055 E. Tufts Ave., Ste. 1350
Denver, CO 80237
Telephone: (303) 228-2241
FAX: (303) 815-0070
brad@illuminelegal.com
*Counsel for Plaintiffs*

*s/Stephanie K. Wood*
Stephanie K. Wood
Semple Farrington Everall & Case, P.C.
1120 Lincoln Street, Suite 1308
Denver, CO 80203
Telephone: (720) 974-9731
FAX:  (303) 861-9608
swood@semplelaw.com
*Counsel for Defendants*