# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01117-NYW-STV

JONATHAN LEE;
ERIN LEE;
C.L., a minor, BY AND THROUGH PARENTS JONATHAN and ERIN LEE
as next friends;
M.L., a minor, BY AND THROUGH PARENTS JONATHAN and ERIN LEE
as next friends;
NICOLAS JURICH;
LINNAEA JURICH; and
H.J., a Minor, BY AND THROUGH PARENTS NICOLAS and LINNAEA JURICH
as next friends,

    Plaintiffs,

v.

POUDRE SCHOOL DISTRICT R-1,
Ft. Collins, Colorado; and,
POUDRE SCHOOL DISTRICT R-1
BOARD OF EDUCATION,

    Defendants.

---

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING
## A RULING ON THEIR DISPOSITIVE MOTION

---

Defendants, Poudre School District R-1 ("PSD" or the "District") and the PSD Board of Education (the "Board") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit their motion to stay discovery pending a ruling on their dispositive motion (ECF No. 29), which if granted, would entirely dispose of this action.

In accordance with D.C.COLO.LCivR 7.1(a), Defendants have conferred with Plaintiffs regarding this requested relief during negotiations concerning the proposed scheduling order for this case. Plaintiffs indicated in writing that they had considered Defendants grounds for seeking

this motion and opposed it.

Courts in this District typically grant motions to stay discovery when there is a pending jurisdictional issue or a motion to dismiss that otherwise would dispose entirely of the action. Both grounds justify a stay here.

## BACKGROUND

On July 7, 2023, Defendants filed a motion to dismiss that would entirely dispose of this action based upon three independent legal bases: (1) dismissal pursuant to Rule 12(b)(6) for failure to state a claim, *i.e.*, Plaintiffs did not plausibly allege any constitutional violation; (2) dismissal pursuant to Rule 12(b)(6) for failure to establish municipal liability against Defendants; and (3) dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction for failure to plausibly allege Article III standing. Given that there are three independent legal bases on which the Court could dispose of this action, there is a strong probability that Plaintiffs' complaint will be dismissed with prejudice.

## LEGAL STANDARD

The decision to grant or deny a motion to stay discovery is vested in the district court's discretion. *United Steelworkers of Am. v. Or. Steel Mills, Inc*., 322 F.3d 1222, 1227 (10th Cir. 2003). While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, "the power to stay a proceeding is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).

"Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved." *First Am. Mortg., Inc. v. First Home Builders of Fla*., No. 10-CV-00824-REB-MEH,

2011 WL 1482942, at *2 (D. Colo. Apr. 19, 2011) (citing *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir.2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question) and *Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues)). "Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties." *Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) (collecting 10th Circuit and U.S. Supreme Court cases). "[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident, Llc. v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *accord G.A. Resort Condo. Ass'n, Inc. v. ILG, LLC*, No. 19-CV-01870-RM-GPG, 2020 WL 5884684, at **1, 3 (D. Colo. July 7, 2020) (granting defendants' motion to stay discovery given pending jurisdictional issue).

Similarly, a stay of discovery is appropriate when the case may be fully concluded with a ruling on defendant's motion to dismiss. *Herman v. PBIA & Co.*, No. 19-cv-00584-PAB-GPG, 2021 WL 5280487, at *1 (D. Colo. June 10, 2021) (listing cases in D. Colo.); *see also Howse v. Atkinson*, No. 04–2341GTV–DJW, 2005 WL 994572, at *1 (D. Kan. Apr. 27, 2005) (a court may appropriately stay discovery until a pending motion is decided "[i] where the case is likely to be finally concluded as a result of the ruling thereon; [ii] where the facts sought through uncompleted discovery would not affect the resolution of the motion; or [iii] where discovery on all issues of the broad complaint would be wasteful and burdensome.").

This District considers five factors in evaluating a motion to stay discovery, which include as follows:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay;
> (2) the burden on the defendants;
> (3) the convenience to the court;
> (4) the interests of persons not parties to the civil litigation; and
> (5) the public interest.

*String Cheese Incident,* 2006 WL 894955, at *2 (granting short stay to allow for ruling on motion to dismiss). *Id.* at **4-5; *Samuels v. Baldwin*, No. 14–cv–02588–LTB–KLM, 2015 WL 232121, at *3 (D. Colo. Jan. 16, 2015) (granting stay and opining "that unnecessary expenditures of public and private resources on litigation will be minimized," "judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation," and "both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time.").

## ARGUMENT

The *Stringcheese* factors weigh in favor of granting Defendants' motion to stay discovery. *Harris v. United States*, No. 09-CV-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) (finding burden on defendant of going forward with discovery outweighs the desire of plaintiff to have his case proceed expeditiously given defendant had filed motion to dismiss for lack of subject matter jurisdiction and failure to state a claim and thus, granting motion to stay was warranted.); *Aguilar v. Mink*, No. 13–cv–00778–MSK–MEH, 2013 WL 3479522, at *2 (D. Colo. July 9, 2013) ("[T]he Court acknowledges the efficiency and fairness of delaying the proceedings pending resolution of a motion to dismiss that could resolve this matter in its entirety.") (citing *Harris*, 2010 WL 1687915, at *1).

4

### I.    A Temporary Stay Presents No Potential Prejudice To Plaintiffs

Regarding the first prong, while Plaintiffs may have some interest in proceeding expeditiously, they will not be prejudiced by a stay of discovery. To begin, it must be noted that Plaintiffs waited two full years before bringing suit, *i.e.*, they claim their first alleged injury occurred on May 4, 2021 and they filed their complaint on May 3, 2023. Compl. ¶ 42. They cannot claim any urgent need to conduct discovery during the few months it will take to rule upon Defendants' dispositive motion when they waited 24-months to file this litigation. Staying discovery for a few months will not prejudice Plaintiffs in anyway because (i) the District promptly issued a preservation notice, and (ii) Plaintiff Lee has already been provided with Defendants' responses to 43 CORA requests, all of which she has transmitted to all Plaintiffs' counsel in this litigation. At the Rule 26(f) Conference on June 12, 2023, it was evident to Defense counsel that Plaintiffs' counsel had not yet reviewed all the produced documentation in response to these excessive CORA requests. Many of these CORA requests were not date restricted and sought all relevant information in the District's possession and others sought relevant information as early as September 1, 2020 and up to August 31, 2022, which is far beyond the scope of materials relevant to this litigation concerning the 2020-2021 school year. The materials produced in response to Plaintiff Lee's 43 CORA requests more than satisfy Defendants discovery obligations in this litigation and any additional discovery requests would likely be duplicative, overbroad, and/or unduly burdensome. Finally, there is no potential discovery that would affect the resolution of Defendants' dispositive motion. *Howse*, 2005 WL 994572 (granting stay of discovery pending resolution of dispositive motions given only slight risk to plaintiff when weighing factors).

### II.    Defendants Would Incur Significant Burdens From Any Additional Discovery While Their Dispositive Motion is Pending

As for the second prong, Defendants face an undue and unavoidable burden from proceeding with additional needless discovery for several reasons. Fed. R. Civ. P. 26(c) ( a "court may, for good cause,

issue an order to protect a party…from…undue burden or expense."); *Howse*, 2005 WL 994572, at *1 (stay is appropriate "where discovery on all issues of the broad complaint would be wasteful and burdensome"). A school district is not a for-profit corporation, and the demands of litigation are uniquely burdensome to it. Costs are funded by taxpayers, and as a result, school districts have very limited resources to pay their staff, maintain their buildings, and to serve the educational needs of their students. PSD has already utilized a substantial amount of finite resources in responding to 43 CORA requests from Plaintiff Lee. While conferring with Plaintiffs' counsel for the joint proposed scheduling order, they expressed an intention to immediately seek depositions of school administrators and staff. However, immediate depositions of school administrators and staff would be unduly burdensome given that they are in the middle of much needed summer break time, and many are off-contract, *i.e.*, they have already served the 176 days of their contracts for the school-term. Even if the depositions were scheduled at the end of summer break, they would interfere with school administrators and teachers in serving the educational needs of their students during the upcoming school year. For example, if the former GSA faculty sponsor were to be deposed during the school year, the District would have to hire a substitute teacher to cover her classes during her preparation and appearance for a 7-hour deposition. This would be an additional and unnecessary cost to the District given that Defendants are likely to prevail in dismissing this action.

Moreover, Plaintiffs seek overbroad and duplicative discovery that is likely to be a fishing expedition that will oppress Defendants and further implicate existing privacy, safety, and security concerns among District employees. The Scheduling Order grants Plaintiffs requested a nine-month discovery period. ECF No. 27, Scheduling Order, 11 (July 6, 2023). Therein, the Court already limited Plaintiffs request for unlimited requests for admission and production to 25 each. *Id.* at 10. And the scheduling order further shows Plaintiffs requested six depositions of District employees. *Id.* at 12-13. Even beyond Defendants' concerns

with Plaintiffs' overbroad and duplicative discovery requests, Defendants are concerned that Plaintiffs will continue to try their case in the court of public opinion. Leaking additional materials to the national and international news media would further adversely affect the privacy, safety, and security of PSD employees, who have already been receiving harassment and safety threats due Plaintiff Erin Lee's extensive publicity efforts and disclosure of school related materials to the national and international news media. Plaintiff Erin Lee has leaked school administrators' and staff's email addresses and other personally identifying information to the national and international news media, which has resulted in harassing emails being sent to them at their school email addresses and safety concerns when they appear in public and while at their private residences warranting calls for assistance from local law enforcement.

### III. The Convenience of the Court Favors Staying Discovery

Concerning the third prong, the convenience of the Court would be served by a stay of discovery pending a ruling on Defendants' motion to dismiss. Judicial economy and efficiency would be best served by resolving the pending motion, which may dispose entirely of the case. *See Harris*, 2010 WL 1687915, at *1 ("[T]he Court notes that neither its nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citation omitted). This District has heightened economy and efficiency concerns given that the population in Colorado has doubled since the last judicial seat was created in this District. Statistics from 2020 show that this is the 10th busiest district out of 94 judicial districts in the nation. Statistics cited in an order by Chief Judge Brimmer from Judicial Conference of the United States, Judicial Caseload Profile. Early settlement and expedient dispositive rulings that dispose entirely of a matter are two avenues that alleviate the heavy caseload burden on this Court. At the Rule 26(f) conference, Plaintiffs' counsel did not raise the possibility for promptly

settling or resolving this case. ECF No. 27, Scheduling Order, 8 (July 6, 2023). But Defendants' dispositive motion would dispose entirely of this matter.

Staying discovery would further convenience the Court by avoiding an unnecessary burden on Magistrate Judge Varholak's docket for any ensuing discovery disputes, of which there are likely to be at least three. ECF 27 at 14 (noting Defendants object to three of Plaintiffs proposed deponents). Most Magistrate Judges have about 200-300 cases on their docket and staying discovery in this case would conserve finite resources for Magistrate Judge Varholak's other cases that could not entirely be disposed of by a dispositive motion.

### IV.     The Interests of Third Parties and the Public Weigh in Favor of Staying Discovery

Finally, the fourth and fifth prongs can be combined and both weigh in favor of staying discovery. In terms of the interests of third parties, providing educational services "is perhaps the most important function of state and local governments," *Brown v. Bd. of Educ.*, 347 U.S. 483, 493 (1954), so the interests of state and local governments, parents, students, and the public interest weigh against burdening school districts with unnecessary discovery that would drain finite resources and distract District employees from their primary purpose in providing educational services to students. Meritless litigation against not-for profit school districts with finite resources is a serious concern and can only be alleviated if discovery is stayed until ruling on a motion to dismiss that would entirely dispose of the matter.  Moreover, "the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose." *Thomas v. Rogers*, No. 19-CV-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019) (granting motion to stay). All the *Stringcheese* factors weigh in favor of staying discovery pending a ruling on Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants request that that their motion to stay discovery pending a ruling on their motion to dismiss be granted.

RESPECTFULLY SUBMITTED this 7th day of July, 2023.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: */s/ Stephanie K. Wood*
Jonathan P. Fero
Stephanie K. Wood
1120 Lincoln Street, Suite 1308
Denver, CO  80203
(303) 595-0941
jfero@semplelaw.com
swood@semplelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2023, Defendants' Motion to Stay Discovery was filed via CM/ECF and served electronically on all counsel of record.

By: */s/ Stephanie K. Wood*