**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01117-NYW-STV

JONATHAN LEE;
ERIN LEE;
C.L., a minor, by and through parents JONATHAN and ERIN LEE as next friends;
M.L., a minor, by and through parents JONATHAN and ERIN LEE as next friends;
NICOLAS JURICH;
LINNAEA JURICH; and,
H.J., a minor, by and through parents NICOLAS and LINNAEA JURICH as next friends,

   Plaintiffs,

v.

POUDRE SCHOOL DISTRICT R-1, Ft. Collins, Colorado; and,
POUDRE SCHOOL DISTRICT R-1 BOARD OF EDUCATION,

   Defendants.

---

**RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY DISCOVERY (ECF NO. 30)**

---

Plaintiffs, Jonathan Lee, Erin Lee, C.L., M.L., Nicolas Jurich, Linnea Jurich, and H.J. (collectively, "Plaintiffs"), hereby submit their Response in Opposition to Defendants' Motion to Stay Discovery Pending a Ruling on Their Dispositive Motion (ECF No. 30).

There is a presumption against motions to stay discovery in the United States District Court for the District of Colorado ("District of Colorado"), and Defendants' have failed to overcome that presumption. Accordingly, this Court should deny Defendants' Motion to Stay Discovery ("Defendants' Motion").

## LEGAL STANDARD

Within the District of Colorado, stays of discovery are generally disfavored. *Chavez v. Young America Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973 at *2 (D. Colo. Mar. 2, 2007) ("It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss"); *Republic of Ecuador v. Bjorkman*, 801 F.Supp.2d 1121, 1128 (D. Colo. 2011) ("Stays of Discovery are generally disfavored"); *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362 at *1 (D. Colo. June 6, 2007); *McGinn v. El Paso Cty, Colorado*, No. 22-cv-01387-WJM-MDB, 2022 WL 16924058, at *2 (D. Colo. Nov. 14, 2022) ("In this judicial district, however, discovery stays are an exception rather than the rule."). Stays are so disfavored that the District of Colorado maintains a presumption against stays. *Colorado ex rel. Suthers v. Western Sky Financial, L.L.C.*, No. 11-cv-00887-REB-KMT, 2011 WL 1771056 at *1 (D. Colo. May 10, 2011) ("The Court will not order a stay of any proceeding, especially considering the presumption against stays in this district[.]"). *Accord Genetic Tech. Ltd. v. Agilent Tech., Inc.*, No. 11-cv-01389-WJM-KLM, 2011 WL 5024839 at *8 (D. Colo. Oct. 20, 2011) (denying a motion to stay discovery due to "[t]he strong presumption against stays, as well as application of the String Cheese factors[.]"); *Boulter v. Noble Energy, Inc.*, No. 20-cv-00861-WJM-KLM, 2020 WL 13568320 at *3 (D. Colo. Nov. 16, 2020) (same); *Lasermarx, Inc. v. Hamskea Archery Solutions LLC*, No. 22-cv-01956-NYW-KLM, 2023 WL 3058467 at *5 (D. Colo. Feb. 28, 2023). As the moving party, Defendants bear the burden of overcoming this presumption through a showing of good cause. *Bjorkman*, 801 F.Supp.2d at 1128 ("[T]he movant must show good cause to overcome the presumption against a stay.").

When considering a motion to stay discovery, the District of Colorado balances five factors:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident LLC., v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006). Defendants' Motion fails to establish that these factors support a stay of discovery.

Courts within the District of Colorado occasionally consider a sixth factor, described as a "preliminary peak" where the court reviews the relevant dispositive motion to determine whether, on its face, there appears to be "an immediate and clear possibility" that it will be granted. If the Court were to consider this factor, it too weighs in favor of denying Defendants' Motion.

## ARGUMENT

### I. Plaintiffs' Prevail Under the *String Cheese Incident* Standard

#### A. Plaintiffs Hold a Strong Interest in a Prompt Discovery Schedule

##### 1. Burden on Plaintiffs

Plaintiffs enjoy a broad interest in expeditious litigation. As the District of Colorado has acknowledged, staying discovery can substantially delay the ultimate resolution of a case with injurious consequences. *Chavez*, 2007 WL 683973 at *2. Delay inherently results in a decrease in evidentiary quality and witness availability. *Id.* The District of Colorado has repeatedly recognized that the prolonged average time from the filing of a dispositive motion to its determination can have injurious consequences on the quality and availability of evidence. *Id.*

3

(noting that the average 7.5 months for deciding a dispositive motion weighed in plaintiff's favor); *Pexton v. United States*, No. 20-cv-01071-NRN, 2021 WL 8153745 at *2 (D. Colo. Jan 22, 2021) ("A stay pending determination of the motion to dismiss might postpone the progress in the case for six months or more, given the average time from filing to determination of a dispositive motion in this District."); *Sebastian v. Greenlink Int'l Inc.*, No. 20-cv-01788-RM-NRN, 2021 WL 5867121 at *2 (D. Colo. Dec. 10, 2021) ("If every case involving a dispositive motion were to be stayed pending determination of the motion then the already lengthy average time to trial in this District (estimated . . . to be more than 26 months) would likely approach or exceed three years.").

Plaintiffs hold a particular interest in undelayed discovery due to the relevance of witness testimony to Plaintiffs' claims. The District of Colorado has recognized that memories of parties and witnesses are likely to fade over time, and that the likelihood that a potential witness will become unavailable increases as time passes. *McGinn*, 2022 WL 16924058 at *3. In *McGinn*, the court noted that where the relevant injury occurred more than two years prior, the concern for lost testimony becomes even more relevant as a plaintiff's capacity to collect accurate discovery diminishes if the case is delayed. *Id.* Here, Plaintiffs C.L., H.J., and their respective parents all suffered injury originating from events that occurred in May 2021. Plaintiffs' claims rely heavily on witness testimony of events that transpired more than two years ago, including the testimony of multiple minors.

### 2. The Irrelevance of Plaintiff Erin Lee's Prior CORA Requests

Defendants argue that meeting their duties under the Colorado Open Records Act ("CORA") should relieve them from future discovery requirements. Defendants accurately

4

recount that Plaintiff Erin Lee has filed 43 CORA requests with Poudre School District. But 16 of those CORA requests were refused, rejected, or otherwise terminated. This case is in no way a CORA litigation, but it should be noted that insofar as Plaintiff Lee maintained an interest in the public record of Poudre School District ("The District"), the District has produced records for 28 of her CORA requests.

 Defendants further argue that Plaintiff Lee's CORA requests exhausted the District's finite resources – yet they fail to explain how Plaintiff Lee's requests varied in any way from the District's statutory burdens under CORA. Furthermore, CORA provides a fee mechanism wherever the estimated or actual labor incurred in the satisfaction of the CORA request exceeds 1 hour. Colo. Rev. Stat.§ 24-72-205(6)(a). Ms. Lee was only assessed a fee on 8 of her CORA requests. And on those 8 requests Ms. Lee has paid more than $2,000.00 of which the District has refunded nearly $700.00 due to overestimating the man-hours needed to satisfy the requests. Insofar as the District has sustained any costs in producing records for Ms. Lee's CORA requests, Ms. Lee has paid the associated fee in accordance with CORA.

 Next, Defendants contend that discovery would be duplicative of Plaintiff Lee's CORA requests; this contention is unavailing. None of Plaintiff Lee's satisfied CORA requests name or contemplate Plaintiffs Jonathan Jurich, Linnea Jurich, or H.J. Plaintiff Erin Lee has filed only two CORA requests regarding the District's Gender Support Plan (the denial of which is the basis for Count II) and the District produced no records on either request.

 Lastly, Defendants also contend that Plaintiffs' discovery requests in this case would likely be "overbroad, and/or unduly burdensome." Def. Motion to Stay Discovery, 5. This contention reflects upon Ms. Lee's prior CORA requests but fails to explain in any way why

5

Plaintiffs' forthcoming discovery requests vary in any form from that which is available under due process of the law. Nor do Defendants explain their basis for characterizing Plaintiffs' *future* discovery requests as "overbroad." These characterizations are baseless and should be rejected as such.

### B. The Burden to Defendants is Incidental and Negligible

As for the second prong, Defendants failed to suggest any particularized undue burden severable from the normal obligations associated with litigation.

While it is certainly true that a "court may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense, including . . . discovery," Fed. R. Civ. P. 26(c)(1), the District of Colorado has consistently held that the ordinary burdens associated with litigating a case do not justify the granting of a stay. *Collins v. Ace Mort. Funding, LLC,* No. 08-cv-1709-REB-KLM, 2008 WL 4457850 at *1 (D. Colo. Oct. 1, 2008) ("Defendants do not suggest any undue burden in proceeding with the case. The ordinary burdens associated with litigating a case do not constitute undue burden."); W*ells v. Dish Network*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390 at *1 (D. Colo. June 22, 2011). Defendants suggest that "immediate depositions of school administrators and staff would be unduly burdensome given that they are in the middle of much needed summer breaktime, and many are off-contract."[1] Defendants' Motion, 6. However, preparing and giving a deposition is exactly "the sort of burden inherent in proceeding in litigation while any dispositive motion is pending." *Martinez v. Wells Fargo Bank, Nat'l Ass'n*,

---

[1] Notably, Defendants suggest that the faculty and administrators would likewise be unduly burdened directly prior to, and during the school year, thus asserting that there exists no time within the calendar in which the faculty and administrators wouldn't be burdened by Plaintiffs' discovery.

6

No. 18-cv-00018-PAB-NYW, 2018 WL 7825201, at *3 (D. Colo. Nov. 28, 2018); *Cooper v. Shelter Gen. Ins. Co.*, No. 21-cv-02957-REB-NYW, 2022 WL 1046964 at * 3 (D. Colo. April 7, 2022). The inherent requirements of discovery are merely a consequence of the judicial system and the rules of civil procedure. *Webb v. Brandon Exp. Inc.,* No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009); *Cooper*, 2022 WL 1046964 at * 3.

Defendants argue that they would be uniquely burdened by the costs of litigation. But the mere assertion that a stay of discovery could save costs is likewise uncompelling because such an assertion "can be made in all cases in which dispositive motions are pending." *U.S. ex rel. Pfeifer v. Ela Med., Inc.*, Mo. 07-cv-01460-WDM-MEH, 2009 WL 3233668, at *2 (D. Colo. Oct. 7, 2009); *Cooper*, 2022 WL 1046964 at * 3.

Lastly, Defendants broadly suggest safety concerns as a justification for delaying discovery. In support of this, Defendants decry Plaintiff Erin Lee, who they suggest has "leaked school administrators' email addresses and other personally identifying information" to the news. Defendants' Motion, 7. It is unclear exactly how one could "leak" publicly available information such as a public-school administrators' email address or name, but insofar as Defendants disfavor Plaintiff Erin Lee discussing her case to interested parties, they have not suggested she has no right to share her story. Defendants broadly claim, without particularity, that some school administrators have received harassing emails; this, too, is uncompelling. Firstly, Defendants' mere suggestion of harassment with no tangible example obliges the Court to assume the traceability of the suggested harassment to Ms. Lee's sharing of CORA produced public records. Secondly, if the Court were to accept that assumption, Defendants then ask the Court to warrant

7

the deprivation of due process on the alleged belligerent behavior of nonparties; a request unfounded in law.

### C.  The Court Would be Inconvenienced by Staying Discovery.

#### 1.  The Court is Inconvenienced by stays of discovery.

While the Court traditionally considers its own convenience, Defendants' contentions warrant a response. First, and foremost, the "District's general rule to avoid discovery stays while a dispositive motion is pending recognizes that there are 'burdens to the court and to the public in delaying, potentially for months, those cases where a [dispositive] motion is filed.'" *McGinn*, 2022 WL 16924058 at *4 (quoting *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309 at *2 (D. Colo. May 9, 2007) (alterations in the original). This burden derives from the delay in trying a case resulting from a stay which "makes the Court's docket less predictable and, hence, less manageable." *Lester v. Gene Express, Inc.*, 09-cv-02648-REB-KLM, 2010 WL 743555 at *2 (D. Colo. Mar. 2, 2010); *McGinn*, 2022 WL 16924058 at *4. And, of course, "[i]t is not convenient for the Court to have stale cases cluttering its docket." *Patterson v. Santini,* No. 11-cv-01899-RM-KLM, 2014 WL 349085 at *3 (D. Colo. Jan. 21, 2014).

In sum, while discovery disputes may arise that would require the Court's resolution, "the potential that some judicial resources will need to be spent to resolve discovery disputes does not outweigh the Court's interest in controlling its docket and ensuring the fair and speedy administration of justice." *Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624 at *3 (D. Colo., Jan. 11, 2017).

### 2. Defendants' Dispositive Motion does not Overcome the Presumption Against Stays in the District of Colorado.

While it is true that a granted motion to dismiss would eliminate the case from the court's docket, this is germane to all dispositive motions and is not sufficient to overcome the presumption against stays within the district. *See Chavez*, 2007 WL 683973 at *2 (D. Colo. Mar. 2, 2007) ("It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss"); *McGinn*, 2022 WL 16924058 at *4 (describing "[t]he District's general rule to avoid discovery stays while a dispositive motion is pending[.]"). In certain circumstances courts in the District of Colorado are more inclined to grant a stay of discovery where a dispositive motion raises jurisdictional issues, *see Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845 at *2 (D. Colo. Feb.14, 2019), but here, Defendants' jurisdictional contestations may be discarded on their face, *see Chavez*, 2007 WL 683973 at *2, n.1 (commenting that defendant's assertions in their motion to dismiss were "unsupported by any evidence" and the court was "not persuaded that the defendant *undoubtedly will prevail* on its motion to dismiss) (emphasis added).

As further discussed in Plaintiffs' Response to Defendants' Motion to Dismiss, Defendants' jurisdictional challenges hold no merit. Defendants suggest that Plaintiffs failed to allege an injury-in-fact regarding Court II. Def. Motion to Dismiss (ECF No. 29) 17-18. But of course, the alleged discriminatory practice is itself an injury-in-fact. *See Northeastern Fla. Ch. Of Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 666 (1993) ("When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group . . .[t]he 'injury in fact' in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the

9

barrier[.]"). Plaintiffs clearly alleged that Defendants denied M.L. an accommodation on the basis of his sex. Compl. ¶¶ 224-230.

Defendants further argue that Plaintiffs failed to allege traceability between the harms described in Count I and Defendants' actions. To support this argument, Defendants prematurely make a merit-based argument disputing the alleged source of C.L. and H.J.'s harm citing to external statistics improperly presented to the court. Def. Motion to Dismiss, 19. Plaintiffs' Complaint clearly alleges that the harm relevant to Count I is traceable to Defendants' custom and policy of violating parental rights of care, custody, and control over, and to direct the education of, their children. Compl. ¶¶ 116-26, 209-22.

As such, Defendants should not enjoy any favor in raising a jurisdictional challenge that is immediately rebutted by the plain face of the Plaintiffs' Complaint.

### D. No Nonparty will be Unduly Burdened by Allowing Discovery

The fourth prong of analysis inquires whether there may be some third-party that would be unduly burdened by allowing discovery to proceed. *Four Winds Interactive LLC*, 2017 WL 121624 at *3. The District of Colorado has held that incidental burdens to nonparties in the course of litigation are not unduly burdensome. *Id.* (reasoning that needing to identify third-party customers or witnesses "does not mean . . . that these third-parties will be unduly burdened by allowing discovery to proceed.") In support of their argument for the fourth prong, Defendants point to the generic burdens of litigation on the finite resources of a not-for profit school. Defendants' Motion, 8. Notably, all litigants have finite resources, and Defendants fail to point to any particularized harm that is not germane to litigation as constituting an undue harm onto any

identified nonparty. Accordingly, Defendants have failed to meet their burden under the fourth prong in overcoming the presumption against stays in the District of Colorado.

### E. The Public Hold a Strong Interest in Speedy and Public Trials

Strong public interests weigh heavily against granting Defendants' Motion. As true with all litigation, the public holds an interest in the speedy resolution of legal disputes. *Four Winds Interactive LLC*, 2017 WL 121624 at *3. This includes a generalized interest that lawsuits "be resolved as fairly, quickly and inexpensively as possible." *Genetic Tech. Ltd. v. Agilent Tech., Inc.*, 2011 WL 5024839 at *8.

Beyond the generalized interest of a well-functioning and unhindered judiciary, this case also enjoys particularized public interests. First, "the public has an interest *in assuring that institutions* such as the Department of Corrections *are operating within the bounds of law.*" *Morgan v. Clements*, No. 12-cv-00936-REB-KMT, 2013 WL 950876 at *5 (D. Colo. Mar. 12, 2013) (emphasis added). And where the relevant counts include constitutional challenges to state actions, policies, and customs, as they do here, Compl. ¶¶ 205-31, the public interest is further served by an expeditious adjudication, *Love v. Grashorn*, No. 21-cv-02502-RM-NRN, 2022 WL 1642496 at *6 (D. Colo. May 24, 2022) ("It may be that Defendants' will pass constitutional muster in which case the public is better served by knowing that hard reality, as fairly determined by the judicial process, sooner rather than later."). Second, where the allegations relate to the practices and actions of public officials, as they do here, Compl. ¶¶ 183-204, the public interest is served by prompt and efficient handling of litigation, *A.A. v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 2872045 at *5 (D. Colo. July 12, 2012).

Beyond the generalized interest of the public in a just, speedy, and inexpensive adjudication of disputes, this case involves deeply important issues of grave public concern. Plaintiff alleges two counts of constitutional violations against a publicly funded school district. The very nature of Plaintiffs' claims derives from the alleged unconstitutional discrimination and the infringement of parental rights to care, custody and control over, and to direct the education of, their children. The public's interest in the lawfulness of its institutions weighs heavily in favor of denying Defendants' Motion.

### F. The "Preliminary Peek" Doctrine Militates Against a Stay of Discovery

This court and others have also considered a sixth factor by taking a "preliminary peek" at the potential merits of the dispositive motion to see if on its face there appears to be "an immediate and clear possibility" that it will be granted. *Love*, 2022 WL 1642496 at *3; *Tradebay, LLC v. eBay. Inc.*, 278 F.R.D. 597, 602–03 (D. Nev. 2011) (agreeing to the propriety of a preliminary peek at the merits of the motion to dismiss, but stating that a stay of all discovery should only be ordered if the court is "convinced" that a plaintiff will be unable to state a claim for relief); *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, No. S-07-0142 LKK GGH, 2007 WL 1146607 at *2 (E.D. Cal. 2007) (taking a "peek" at the motion to dismiss to assess whether the defendant has made a "clear and convincing showing," that it will prevail on the merits of the dispositive motion).

Whether the preliminary peek factor can be considered when the dispositive motion has not been fully briefed, as in the instant case, is unclear, but it appears to be within the Court's discretion. *See Est. of Thakuri by and through Thakuri v. City of Westminster,* 19-CV-02412-DDD-KLM, 2019 WL 6828306 (D. Colo. Dec. 12, 2019) (Magistrate Judge using her discretion to decline to consider the preliminary peek factor for other reasons). To the extent this court

12

chooses to take a preliminary peek at Defendants' Motion to Dismiss, Plaintiffs anticipate that it will result in the conclusion the Motion to Dismiss does not have an "immediate and clear possibility" of being granted, the Court will not be "convinced" that Plaintiffs will be unable to state a claim for relief, and that Defendants have not made a "clear and convincing showing," that they will prevail on the merits of their dispositive motion. Defendants argue that because they have three arguments in their Motion to Dismiss, there is a "strong probability that Plaintiffs' complaint will be dismissed" but each argument fails to rise to the requisite level for this Court to grant the Motion for Stay, as Plaintiffs will outline in their forthcoming Response to the Motion to Dismiss. Defendants' Motion, 2. As such, the Defendants' Motion should be denied.

## II.     If the Court is Inclined to Limit Discovery, it should, at a Minimum, Permit the Deposition of Three of Defendants' Employees.

Insofar as this Court is inclined to grant Defendants' Motion, Plaintiffs ask that this Court, in the alternative permit partial discovery. *See Wason Ranch Corp.*, 2007 WL 1655362 at *2 ("[T]he Motions to Dismiss are nearly briefed, and the parties are encouraged to consider limiting extensive discovery until the motions are resolved."). Specifically, Plaintiffs request the Court permit depositions to be conducted of a corporate representative of each named Defendant, as well as depositions of the Poudre School District Genders and Sexualities Alliance ("GSA") sponsor, Jenna Reip, the principal of Wellington Middle-High School which hosted the GSA meetings, Kelby Benedict, and the speaker at the GSA meeting, Kimberly Chambers. As Defendants note, numerous records have been produced via CORA requests so a delay in the production of records will not cause the difficulties to this case that a delay in deposition discovery would pose.

## CONCLUSION

For the foregoing reasons Plaintiffs ask that this Court deny Defendants' Motion to Stay Discovery.

Dated and respectfully submitted this 28th day of July, 2023.

                                    **AMERICA FIRST POLICY INSTITUTE**

                                    */s/ Jase Panebianco*

                                    By: Jase Panebianco
                                    America First Policy Institute
                                    1001 Pennsylvania Ave NW
                                    Suite 510
                                    Washington, D.C. 20004
                                    Phone: (202) 684-8361
                                    Email: jpanebianco@americafirstpolicy.com

                                    ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

Undersigned hereby certifies that a true and correct copy of the foregoing Response in Opposition to Defendants' Motion to Stay Discovery was filed on the 28th day of July, 2023, with the U.S. District Court of Colorado CM/ECF System, which will notify the following attorneys for the Defendant:

Stephanie K. Wood
Jonathan P. Fero
SEMPLE, FARRINGTON, EVERALL & CASE, P.C.
1120 Lincoln Street, Suite 1308
Denver, CO 80203
(303) 595-0941
jfero@semplelaw.com
swood@semplelaw.com

                                    */s/ Jase Panebianco*

                                    By: Jase Panebianco