

J. Brad Bergford, J.D.
Admitted in Colorado and New York
Telephone: 303.228.2241, Ext. 100
Facsimile: 720.815.0070
Website: www.lawillumine.com
Email: Brad@lawillumine.com

June 16, 2022

*Via email and USPS to:*

Poudre School District Board of Education
Brian Kingsley, Superintendent
Darcie Votipka, Title IX Coordinator
Brett Larsen, Title IX Coordinator
Kristin Bennett, Director of Records and Risk Management
Norm Bastian, Security Manager
2407 LaPorte Avenue
Fort Collins, CO  80521-2297

**Re:    Preservation of Evidence**

Dear Poudre School District Board of Education and Employees:

  Our law firm represents Jon and Erin Lee regarding their upcoming legal claims against Poudre School District. Please forward this communication to your legal counsel.

  On May 26, 2022, Erin Lee made a CORA request seeking "Security camera footage from the PSD Johannsen Support Service Center at 2407 LaPorte Avenue Fort Collins, CO 80521-2297 for Tuesday, May 24, 2022 from 4:00p.m. MST until 8:00p.m. MST." Her request was denied in a June 1, 2022 letter from Kristin Bennet on the basis that "the District is not required under CORA to make its monitoring and surveillance video recordings available for viewing or to provide copies of the recordings under C.R.S. §§ 24-72-204(2)(a)(I) & (VIII)(A)." Kelly Holdridge made a similar requests in emails dated May 29, June 2, 4, and 6, 2022 that PSD maintain "the video and audio footage in the front of the [Johannsen Support Services Center], including the parking lot, from 5:30-6:45pm [on May 24, 2022]."

  Litigation involving the subject of the abovementioned CORA requests, as well as transgender programming—both curricular and extra-curricular—is anticipated. Those who hold evidence have a generalized obligation to preserve that evidence when litigation is pending or likely. By way of illustration, but not to limit or exclude any particular evidence, I demand that PSD preserve 1) all audio and video—surveillance or otherwise—of Ms. Riep's "art" club during the 2020-2021 school year, including video from outside the classroom showing who went into or out from the club, 2) any list(s) and/or permission forms indicating which students received parent approval for participation in "Eagle Hour" activities during the 2020-2021 school year, 3) all internal and external communications pertaining to Jon or Erin Lee or of any of their children, 4) all communications regarding the children of Mrs. Holdridge or Mrs. Lee, including all of their children in all PSD schools, 5) all communications, internal and external, and any combination thereof, regarding all requests by members the Holdridge and/or Lee families for Gender Support



Name
Date
Page 2

Plans, including all documentation of such plan request(s), 6) all records regarding employees and non-employees who have been involved with Ms. Riep's so-called art Club, including, but not limited to, Kimberly Chambers, Jenna Riep, 7) all records of requirements associated with adult participation in after-school activities including, but not limited to, participation in "Eagle Hour" activities, and any other information that is reasonably related to anticipated litigation involving Kelly Holdridge and/or Jon or Erin Lee and their children/students, as well as documents, photos, video, or other material on the subject of the school board meeting on May 24, 2022.

Pursuant to state and federal law, evidence and other material related to prospective legal claims must be preserved pending the conclusion of those claims or the running of the statute(s) of limitation. The failure to preserve and retain the electronic data outlined in this letter (or any other information/evidence in this case) may constitute spoliation of evidence and may subject PSD to additional legal claims for damages and/or evidentiary and monetary sanctions.

This letter serves as official notice of your duty to preserve all relevant evidence pending discovery of it.

With best personal regards.

J. Brad Bergford, J.D.

JBB/
Enclosure(s)
Attachment(s)