**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01117-NYW-STV

JONATHAN LEE;
ERIN LEE;
C.L., a minor, BY AND THROUGH PARENTS JONATHAN and ERIN LEE
as next friends;
M.L., a minor, BY AND THROUGH PARENTS JONATHAN and ERIN LEE
as next friends;
NICOLAS JURICH;
LINNAEA JURICH; and
H.J., a Minor, BY AND THROUGH PARENTS NICOLAS and LINNAEA JURICH
as next friends,

     Plaintiffs,

v.

POUDRE SCHOOL DISTRICT R-1,
Ft. Collins, Colorado; and,
POUDRE SCHOOL DISTRICT R-1
BOARD OF EDUCATION,

     Defendants.

---

**REPLY IN SUPPORT OF UNOPPOSED MOTION TO RESTRICT
PRIVATE INFORMATION**

---

Pursuant to D.C.COLO.LCivR 7.2(b),(c), and (e), former attorney of record in this litigation, Stephanie K. Wood, hereby submits this reply in support of her motion to restrict her private information from public access (ECF No. 48), which is evident within ECF No. 44 (motion for withdrawal of attorney) and was inappropriately filed without her prior knowledge, review, or approval by Jonathan Fero, counsel for Defendants, on August 31, 2023. On September 15, 2023, Mr. Fero filed a response (ECF No. 49) that made further reference to Ms. Wood's home address that she requests be redacted, *i.e.*, the last sentence in para. 5 at page 3. On the same day, the

Court's docket clerk placed ECF No. 49 on a temporary 14-day restricted status. Ms. Wood submits the following to make her requested restrictions and redactions permanent for ECF Nos. 44 and 49. Ms. Wood now has access to ECF No. 44 and is providing an appropriately redacted version as Ex. 1.

1. In addition to her previous request regarding ECF No. 44, as evident in her motion to restrict (ECF No. 48), Ms. Wood respectfully requests permanent redaction for the last sentence in para. 5 at page 3 of ECF No. 49. To leave this sentence unredacted in ECF No. 49 would obviate the effectiveness of having the previous reference to her home address restricted or redacted in ECF No. 44.

    a. In support of this additional request, Ms. Wood relies upon the legal bases, cited supporting authority, material facts, and supporting exhibits presented in her motion to restrict (ECF No. 48).

    b. A redacted version of ECF No. 49 is being provided as Ex. 2.

2. To begin, Mr. Fero's 4-page response does not object to Ms. Wood's requested relief, and he presents no caselaw rebutting her cited supporting authority and substantiated facts to justify restricting his inappropriate disclosure of her private information from public access. Resp. 1-4.

3. Next, Mr. Fero's response is misnamed "Defendants' Response" when it is unlikely that the Poudre School District and its Board of Education are aware of or approved the submission given the numerous safety, privacy, and harassment concerns experienced by their employees and previously disclosed to Ms. Wood and the Court in ECF Nos. 14 (6/1/2023) and 41 (8/11/2023).

2

4. As previously disclosed, at least 30 District employees are known to have sought guidance about how to suppress their home addresses in county records and Ms. Wood has taken similar efforts, so it is doubtful that the District and its Board would have sanctioned Mr. Fero's public disclosure of their former counsel of record Ms. Wood's home address in this litigation (ECF No. 44) or in Mr. Fero's 4-page response supposedly on their behalf (ECF No. 49) that makes further reference to Ms. Wood's home address at page 3.

5. It would be inappropriate for Mr. Fero to charge Poudre School District and its Board of Education for the 4-page response he prepared and submitted in an effort to defend his individual actions. Mr. Fero's response has nothing to due with the claims or defenses involved in his representation of the District and its Board, who should not have to pay for the time he spent in preparing and submitting it.

6. In a futile attempt to justify his actions in making the inappropriate public disclosure of Ms. Wood's home address, Mr. Fero made the following false statement to the Court: "it was unknown whether [Ms. Wood] was even accessing that electronic mailbox." Resp. at para. 7. In direct refutation of his misrepresentation to the Court, on August 29, 2023, representatives for the Semple law firm and Ms. Wood confirmed that further communication between them would occur via Ms. Wood's email address at swood@invictus111.net. Mr. Fero was present for this conversation. Moreover, on August 30, 2021 at 9:30 am, Ms. Wood sent two emails to Mr. Fero from swood@invictus111.net. The first email concerned unreimbursed expenses among other issues. Ex. 3 (Email from Ms. Wood copying Mr. Fero). And the second email is addressed only to Mr. Fero and concerned follow-up issues in this litigation. Ex. 4. Accordingly, Mr. Fero falsely states

3

that as of August 31, 2023 "it was unknown whether [Ms. Wood] was even accessing that electronic mailbox" (Resp. at para. 7) when he had been informed it was still active and would be Ms. Wood's designated email for further communication, and the previous day he received two emails from Ms. Wood from that specific email address. Exs. 2-3. There is no excuse for Mr. Fero's misrepresentation to the Court on this issue.

7. Mr. Fero's false statement violates his duty of candor to this Court. D.C.COLO.LAttyR 2(a) adopts the Colorado Rules of Professional Conduct ("Colo. RPC") as the standards of professional responsibility for this Court. Colo. RPC 3.3(a)(1) (Candor Toward the Tribunal) requires that a lawyer "shall not knowingly (1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . . ." *See also* Colo. RPC 8.4(c) (prohibiting lawyers from engaging in dishonesty, deceit, or misrepresentation), *id*. 8.4(d) (prohibiting lawyers from engaging in conduct that is prejudicial to the administrative of justice).

    a. Comment 2 to Colo. RPC 3.3 further explains that "[t]his Rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process . . . . [T]he lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false." Mr. Fero's misrepresentation to this Court is incontrovertible given Exhibits 2-3.

8. Mr. Fero's false statement also violates Colo. RPC 4.1(a) (Truthfulness in Statements to Others) whereby while representing a client "a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person . . . ." In his response to Ms. Wood, Mr.

4

Fero essentially makes a false statement to her, as a third party, and other third parties who have access to the public court filing, which further violates his ethical obligation as a lawyer practicing before this Court.

9. Overall, Mr. Fero's response utilizes the insidious tactic known as DARVO, which consists of **D**enying any wrongdoing by the offender, **A**ttacking the credibility of the victim, and **R**eversing the roles of **V**ictim and **O**ffender. Perpetrators of wrongdoing may display DARVO in as a backlash tactic to being held accountable for their behavior by the victim of their misconduct and in an effort to manipulate and to mislead stakeholders like this Court and members of the public reviewing these public filings that they are innocent of any claimed wrongdoing.

    a. When DARVO is employed, "[w]e have to point it out. We have to educate the court to the coercively controlling strategy of DARVO, so that when an attorney or a judge sees it playing out, they can call it out" and ensure the legitimate delivery of justice despite the offender's manipulation tactics. *DARVO and Coercive Control*, Kate Amber, End Coercive Control USA, Jan. 10, 2023, https://endcoercivecontrolusa.com/blog/darvo_and_coercive_control. *See generally What is DARVO*, Jennifer J. Freyd, PhD, https://dynamic.uoregon.edu/jjf/defineDARVO.html.

10. Despite Mr. Fero's four-page response attacking Ms. Wood's credibility and her accurate representation regarding conferral, he states no objection to her requested relief and acknowledges his awareness that unless otherwise stated, a lack of response to Ms. Wood's conferral email would be interpreted as him having no objection. Resp. at 1, 2, 4. Ms.

Wood's conferral representation is consistent with Mr. Fero's response that he has no objection to her requested relief. *Compare* ECF No. 48 at 2 *with* ECF No. 49 at 1, 2, 4.

11. Mr. Fero's representation that he had insufficient time to confer with Ms. Wood or request additional time for conferral in a period of three hours is illogical when he concedes that he has no objection to her requested relief in his response. Resp. at 1, 2, 4.

12. In contrast to Mr. Fero's illogical complaint about inadequate time for conferral, two lawyers for Plaintiffs responded to Ms. Wood's conferral email within 2 minutes and stated that they had no objection to her requested relief. Similarly, Plaintiff's counsel in No. 23-cv-00933-RMR-KLM (where a similar inappropriate public disclosure of Ms. Wood's private information occurred) responded to Ms. Wood's conferral email within 8 minutes and stated that he had no objection to her requested relief. These examples from other busy lawyers discredit Mr. Fero's assertion that he was unduly burdened by Ms. Wood requesting a response within 3 hours to an administrative/procedural filing that did not implicate any substantive issues in the litigation and of which he was on prior notice per a 9/1/2023 email from Ms. Wood as evident in ECF 49-1 at 1. Similarly, Mr. Fero's representation to the Court at para. 1 is disingenuous because he never indicated via email or by phone call that he needed more time to consider Ms. Wood's conferral request on September 14, 2023. Indeed, Ms. Wood was unable to file the motion as anticipated by 5 pm, and it was not filed until nearly midnight. Throughout that evening until filing, Ms. Wood monitored her email for any response from Mr. Fero and consistent with her conferral email represented that his lack of response indicated no objection. *Compare* ECF No. 49-1 at 1 *with* ECF No. 48 at 2.

13. Mr. Fero states that Ms. Wood's personal cell phone was not evident in ECF No. 44. Resp. at para. 3. As stated in her motion, Ms. Wood was not provided with an advance copy of the document by Mr. Fero and did not save it before it was restricted from her viewing. Mot. at 6. Now that the restricted access has been altered to provide her with viewing capabilities, Ms. Wood can see that the similar filing in No. 23-cv-933 disclosed opposing counsel's work phone numbers, and Ms. Wood had a good faith recollection that her personal cell phone was also listed but now can see that was an erroneous recollection based on her quick view of the document on August 31, 2023.

14. In another futile attack on Ms. Wood's credibility, Mr. Fero states that her assertion that "'there was no security protocol for the public's access to the office building' is misleading[;] (Resp. para. 8)" when in fact, there is no security protocol restricting the public's access to the office building from 7 am to 6:30 pm. More specifically, any member of the public may walk into the office building, pass the security guard without signing in, showing ID, or presenting a security pass, and gain access to the elevators to visit whatever internal office that they wish to with no substantiated record of their identity or reason for their visit. As stated in Ms. Wood's motion to restrict, this lack of security motivated her decision to never provide a photo for publication on the firm's website given the concrete safety, security, and harassment concerns discussed therein. Ms. Wood's assertions are readily verifiable by a visit to the office building or a call to its leasing management and further show that Mr. Fero's attacks of her credibility are both unwarranted and unsubstantiated.

7

15. Mr. Fero's actions in disclosing Ms. Wood's private information in a public court filing when there are known safety and harassment issues concerning this litigation, refusing to remedy the issue, and then filing an unnecessary 4-page response attacking both her credibility and her concerns, and within it making further reference to her home address constitute another ethical violation. Colo. RPC 4.4 (a) (Respect for Rights of Third Persons) requires that "[i]n representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person . . . ." *See also* Colo. RPC 8.4(h) (prohibiting a lawyer from engaging in conduct that directly, intentionally, and wrongfully harms others). Mr. Fero's actions have burdened and harmed Ms. Wood by (i) exacerbating her existing safety and harassment concerns (discussed in detail in her motion (ECF No. 48)) and (ii) requiring her to file an 11-page motion and an 8-page reply to secure appropriate restrictions and redactions for his inappropriate public disclosure of and references to her private information that have no relevance to any claim or defense in this litigation.

**CONCLUSION**

For the foregoing reasons, Ms. Wood requests that her motion to restrict her private information from public access be granted in terms of a Level Two restriction for ECF No. 44 (or alternatively redaction of her private contact information evident in the certificate of service) and redaction of the last sentence in para. 5 at page 3 of ECF No. 49.

RESPECTFULLY SUBMITTED this 19th day of September, 2023.

By: */s/ Stephanie K. Wood*

The Law Firm of Stephanie K. Wood
6855 S. Dayton St. #4951

8

Englewood, CO 80155
swood@invictus111.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2023, the foregoing Reply in Support of Motion to Restrict Private Information and cited exhibits were filed via CM/ECF and served electronically on all counsel of record.

By: */s/ Stephanie K. Wood*