IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01117-NYW-STV

JONATHAN LEE;
ERIN LEE;
C.L., a minor, BY AND THROUGH PARENTS JONATHAN and ERIN LEE
as next friends;
M.L., a minor, BY AND THROUGH PARENTS JONATHAN and ERIN LEE
as next friends;
NICOLAS JURICH;
LINNAEA JURICH; and
H.J., a Minor, BY AND THROUGH PARENTS NICOLAS and LINNAEA JURICH
as next friends,

      Plaintiffs,
v.

POUDRE SCHOOL DISTRICT R-1,
Ft. Collins, Colorado; and,
POUDRE SCHOOL DISTRICT R-1
BOARD OF EDUCATION,

      Defendants.

---

**DEFENDANTS' RESPONSE TO STEPHANIE K. WOOD'S MOTION TO RESTRICT PRIVATE INFORMATION**

---

Defendants Poudre School District R-1 and Poudre School District R-1 Board of Education, by and through undersigned counsel Jonathan P. Fero of the law firm of Semple, Farrington, Everall & Case P.C., hereby submit this response to former counsel Stephanie K. Wood's Motion to Restrict Private information. While Defendants ultimately take no position on Ms. Wood's request for restriction, numerous assertions in her Motion require correction.

1. Ms. Wood's conferral statement is inaccurate. Her attempt to confer about her Motion was limited to emailing undersigned counsel yesterday, September 14, 2023, at approximately 1:12 p.m., and unilaterally setting a response deadline by 4 p.m. that same day, which afforded less than three hours for conferral. *See* Ex. 1. Ms. Wood even stated that absent a response, she would "assume" there was no objection. That was not the "reasonable, good faith effort[] to confer" before filing required by D.C.COLO.LCivR 7.1(a). Undersigned counsel was not able to confer with Defendant about the request within that limited time frame, and as a result, did not provide any position to Ms. Wood.

2. In any event, undersigned counsel's law partner had previously informed Ms. Wood on September 1, 2023, that: "We reviewed the respective judges' practice standards and the applicable local rule concerning restricting public access of pleadings and cannot argue in good faith that this situation meets them." *Id.* at 2. Nothing in Ms. Wood's Motion appears to change the calculus.

3. Contrary to Ms. Wood's repeated assertions, her personal cell phone was not disclosed in Defendants' motion for her withdrawal as counsel of record. The certificate of service in that motion does not list any phone number for Ms. Wood. *See* ECF No. 44, p. 3.

4. Listing Ms. Wood's home address in the certificate of service for Defendants' motion for her withdrawal was not inappropriate. Fed. R. Civ. P. 5.2 does not protect home addresses, and this is not a criminal case governed by Fed. R. Crim. P. 49.1. The redaction notice in the District Court's electronic filing system does not direct redaction of a home address in a civil case such as this.

5. Moreover, at no time before the filing of Defendants' motion for her withdrawal had Ms. Wood stated any concern about her home address, which is presumptively public information. Ms. Wood asserts in her Motion that "she is a disclosed witness in criminal proceeding." Ms. Wood never asserted that to undersigned counsel or other members of the law firm, including in her correspondence after Defendants' motion for her withdrawal was filed. *See* Ex. 1. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ .

6. Ms. Wood's motion reiterates the privacy concerns of District employees, which were previously asserted in the briefing on Defendants' motion to stay discovery. *See* ECF No. 41 & Exhibits. Notably, however, she does not assert in her motion that any like harassment has been directed to her, and nothing of the sort has ever been brought to the attention of the law firm.

7. Defendants and undersigned counsel regret that this matter is requiring the Court's attention, but it all could have been avoided if Ms. Wood had responded to the law firm's repeated requests that she move for her own withdrawal. Ms. Wood was provided a draft motion and afforded more than 24 hours to approve the filing. In connection with the ending of her employment with the law firm, undersigned counsel felt it was necessary to move for her withdrawal in order to protect Defendants from any unauthorized filings or disclosures. Given that Ms. Wood was still counsel of record at the time and the motion for withdrawal concerned her, it was determined that she should be provided a copy with documentation on the certificate of service. Both email and a physical address were listed because Ms. Wood was not responding to emails, and it was unknown whether she was even accessing that electronic mailbox. The law firm used the only physical address that it had for her.

3

8. Although not particularly relevant to Ms. Wood's Motion, her assertion that "there was no security protocol for the public's access to the [law firm's] office building" is misleading. The building maintains security staff, and building access is restricted outside of building hours. The law firm also maintains reasonable security measures including restricted access to its offices and front desk staffing to safeguard confidential client information.

WHEREFORE, Defendants submit this response to correct numerous assertions in Ms. Wood's Motion as detailed above. Having achieved her removal this case, Defendants ultimately take no position on her request for restriction.

RESPECTFULLY SUBMITTED this 15th day of September, 2023.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: *s/ Jonathan P. Fero*
Jonathan P. Fero
1120 Lincoln Street, Suite 1308
Denver, CO  80203
(303) 595-0941
jfero@semplelaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 15th day of September, 2023, a correct copy of the foregoing **DEFENDANTS' RESPONSE TO STEPHANIE K. WOOD'S MOTION TO RESTRICT PRIVATE INFORMATION** was filed and served via CM/ECF to the following:

ILLUMINE LEGAL LLC
J. Brad Bergford, Esq.
8055 E. Tufts Ave., Ste. 1350
Denver, CO 80237
brad@bergfordlaw.com
brad@lawillumine.com
gennifer@illuminelegal.com

Richard Polk Lawson
rlawson@americafirstpolicy.com
Pamela Jo Bondi
pambondi@yahoo.com
Jase Panebianco
jpanebianco@americafirstpolicy.com
Jessica Hart Steinmann
jessica.elizabeth.hart@gmail.com

*Attorneys for Plaintiffs*


Stephanie Wood, Esq.
The Law Firm of Stephanie K. Wood
6855 S. Dayton St. #4951
Englewood, CO 80155
swood@invictus111.net

                By: *s/ Elaine Montoya*